## No. 684.—A. P. Noblom *v.* James T. Swords.

*A contract made between two parties, the one residing within the Federal lines of military occupation and the other within the so-called Confederate lines, during the late war, is prohibited by act of Congress, and is therefore null.*

APPEAL from the Eighth District Court, parish of St. Landry. *Bailey, J. B. A. Martel* for plaintiff and appellant. *James M. Porter* and *John E. King* for defendant and appellee.

Wyly, J.    The contract upon which this action is based reads as follows:

"Big Cane, Parish of St. Landry, Oct. 11, '63.

"Mr. A. P. Noblom

J T S                                  "Bought of James T. Swords.

——— "25 bales of cotton, at $60 ................................ $1,500 00

N    " That cotton now in seed and stored away in my gin house on my plantation, situated in Big Cane, 2 miles from my landing. I obligate to gin it as soon as baling and rope is furnished me by the purchaser, and to forward to my landing whenever called for, and in good order. The cotton will be marked as per margin.

"JAMES T. SWORDS.

" Witness :

J. A. Cappel,

D. A. Cuney."

The defendant pleads in bar of this action that the contract was made in violation of a prohibitory law, and therefore void, the plaintiff then residing in New Orleans in the Federal lines, and the defendant in the parish of St. Landry then in the Confederate lines.

The District Court gave judgment for the defendant, and the plaintiff has appealed.

The evidence in the record fully establishes the fact, that at the time of the contract the plaintiff resided in the city of New Orleans inside of the Union lines, and the defendant resided in the parish of St. Landry within rebel lines.

Commercial transactions of this character were inhibited by an act of Congress for purposes of public policy, and the contract was without effect, producing no obligation whatever. Marchand *v.* Coyle, 18 A. 632.

It is ordered that the judgment of the Court below be affirmed with costs.